UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA K. THRELKELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:19-cv-02214 AC<br><br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.  The matter will be reversed and remanded to the Commissioner for further proceedings.

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); <u>Bowen v. City of New York</u>, 476 U.S. 467, 470 (1986).

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on March 6, 2017. Administrative Record ("AR") 394-400 and 414.[2] The disability onset date was alleged to be February 2, 2017. Id. The application was disapproved initially and on reconsideration. AR 279-308. On July 23, 2018, ALJ Daniel G. Heely presided over the hearing on plaintiff's challenge to the disapprovals. AR 38 – 66 (transcript). Plaintiff, who appeared with her attorney James Crytzer, was present at the hearing. Id. Cathleen Spencer, a Vocational Expert ("VE"), also testified at the hearing. Id.

On October 11, 2018, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 23-33 (decision), 23-37 (exhibit list). On September 9, 2019, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-7 (decision and additional exhibit list).

Plaintiff filed this action on November 1, 2019. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 5, 6. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 9 (plaintiff's summary judgment motion), 10 (Commissioner's summary judgment motion), 11 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born on in 1967, and accordingly was, at age 48, a younger person under the regulations at the alleged disability onset date, though she subsequently changed age categories to closely approaching advanced age.[3] AR 295. Plaintiff has at least a high school education and can communicate in English. AR 284. Plaintiff has past work as a packaging line operator, data entry inventory worker, sanitation worker, machine operator, and assembly line welder. AR 437.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards."

---

[2] The AR is electronically filed at ECF Nos. 8-3 to 8-19 (AR 1 to AR 971).
[3] See 20 C.F.R. § 404.1563(c) ("younger person").

Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2018.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since April 2, 2016, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: hypertensive vascular disease, congestive heart failure, depression, and anxiety (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is limited to understanding, remembering and carrying out simple instructions and making simple work-related decisions that would not exceed Reasoning Level 2 defined as applying commonsense understanding to carry out detailed but uninvolved written or oral instructions and dealing with problems involving a few concrete variables in or from standardized situations; can tolerate a low level of work pressure defined as work with no multitasking or detailed job tasks; can work at a consistent pace throughout the work day but not at a production rate pace where each task must be performed within a strict time deadline such as meeting a quick turnaround with no tolerance for discrepancies; can tolerate occasional contact with coworkers and can respond appropriately to criticism from supervisors; can tolerate occasional interaction with the public; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs; can occasionally balance, stoop, kneel, crouch or crawl, can never work around hazards (such as moving, dangerous machinery or unprotected heights; not operate motor vehicles); can never be exposed to atmospheric conditions beyond a level found in an indoor work environment such as an office ore retail store.

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. [Step 5] The claimant was born [in 1967] and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.  The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are job that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from April 2, 2012, through the date of this decision (20 CFR 404.1520(g)).

AR 25-32.  As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act.  AR 32.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred by impermissibly rejecting the opinion of consultative psychiatric examiner Dr. Les. P. Kalman, M.D., Psy.D. (AR 659-62).  ECF No. 9 at 5.  Plaintiff argues that Dr. Kalman's opinion amounted to a finding that plaintiff would be off task in a work environment 20% of the time and would require unscheduled breaks, which would preclude employment.  Id. at 9.  Consequently, plaintiff asks the court to remand for an immediate award of benefits.

A.  The Relevant Medical Evidence

With respect to plaintiff's mental impairments, the ALJ considered the medical opinions of (1) consultative examiner Les Kalman, M.D., (2) State agency consultant N. Haroun, MD, and (3) State agency consultant D. Funkenstein M.D.  AR 29-31.  The ALJ also reviewed the objective medical evidence.

////

1. The Objective Medical Evidence

Plaintiff first presented to her primary care physician for mental health for treatment in April of 2016 with concerns about her mood being down after moving from Arkansas to California. AR 587. The claimant scored a 22, indicating severe depression, on a PHQ-9 scale. AR 590. Plaintiff was prescribed Fluoxetine (Prosac). Id. On April 28, 2016, plaintiff saw Ashley Gunter Hill, Psy.D., a psychologist. AR 584. She endorsed depression, anxiety, and uncontrolled crying. AR 585. Plaintiff stated that she was unable to find a job due to only finding temp positions and having a limited skill set. Id. Plaintiff described cutting her hair as a form of "self-sabotage" and described herself as "thin-skinned and sensitive," and bullied by her husband and mother. Id. She smoked marijuana three times a month despite knowing it could worsen her mental health symptoms. Id. Plaintiff reported a history of panic attacks. Id. Her responses to a depression questionnaire correlated with moderately severe depression. Id. She was provided an order for a follow up appointment with mental health, but Dr. Hill noted that finances were a concern for plaintiff. Id. Plaintiff continued to take medication during the relevant period, but the associated treatment notes were for treatment of physical impairments (e.g. AR 515, 569, 611, 858).

2. Consultative Examiner Opinion

On August 18, 2017, plaintiff presented to Les P. Kalman, Psy.D., for a psychiatric evaluation as part of her application for benefits. AR 659. Dr. Kalman did not review any records as part of his examination. Id. Dr. Kalman found plaintiff to be a fair historian. Id. Plaintiff reported being shaky, crying a lot, that her "skin is too thin" and she feels depressed, blue, down, hopeless, helpless, and worthless, along with mood swings with occasional elevated mood and racing thoughts. Id. During the examination, plaintiff was cooperative, spoke normally, and made good eye contact. AR 660. Plaintiff was properly oriented; could do serial 3s with no errors; could perform simple math; exhibited average intelligence; could understand abstractions; and exhibited fair insight. Id. She appeared anxious and depressed; denied suicidal or homicidal thoughts; had a logical thought process, and had normal thought content. AR 661.

Plaintiff reported that she could shop cook, housekeep, manage her own transportation,

1 perform self-care, and pay her own bills, but she also reported being estranged from family and
2 having no friends. AR 661. Plaintiff described a typical day as talking to her cat, and keeping
3 distracted with the internet, reading, and looking at pictures. Id. Plaintiff was tearful. Id. Based
4 on plaintiff's mood swings and her reports that she had difficulty maintaining employment or
5 getting along with others, Dr. Kalman opined that plaintiff could perform simple work, but had
6 decreased ability to maintain regular attendance, work without special supervision, complete a
7 normal workday, accept instruction from supervisors, interact with others and deal with stress in
8 the workplace. AR 661-62. Dr. Kalman diagnosed plaintiff with Bipolar Disorder, depressed.
9 AR 662.

The ALJ assigned Dr. Kalman's opinion little weight. AR 31. Two reasons were provided. First, "the claimant has had little mental health treatment and no professional treatment during the period at issue." Id. Second "other than being able to recall only one of three objects and only two of the past five presidents during Dr. Kalman's examination, the claimant's mental status examination was otherwise generally unremarkable." Id.

### 3. Non-Examining Source Opinions

On August 23, 2017, Dan Funkenstein, M.D., a State agency psychiatrist, reviewed plaintiff's records, and opined that she had moderate limitations in interactions with others, adaption, and concentration, persistence or pace. AR 286-87. Dr. Funkenstein opined that plaintiff had moderate limitations on her abilities to maintain regular attendance, complete a normal workday, sustain an ordinary routine without special supervision, interact with others, and accept instructions. AR 290. Dr. Funkenstein concluded that despite these limitations, plaintiff retained the RFC to perform simple tasks at an acceptable pace, interact with others, make simple work-related decisions, and adjust to changes in routine in a typical non-public workplace setting. AR 291. Dr. Funkenstein's opinion was given great weight. AR 29.

Dr. N. Haroun assigned no limitations in understanding, remembering, or applying information, mild limitations interacting with others, and no limitations in concentrating, persisting, or maintaining pace, or adapting or managing oneself. AR 301-02. Dr. Haroun assigned no severe mental impairment. Id. The ALJ gave this opinion little weight based on

contradictory findings by the consultative examiner Dr. Kalman.  AR 30.

B.      Principles Governing the ALJ's Consideration of Medical Opinion Evidence

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996).  Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships.  As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons.  Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.  Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted).

"The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298–99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

C.      The ALJ Erred in Assigning Little Weight to Dr. Kalman's Opinion

The ALJ provided illegitimate reasons for assigning little weight to Dr. Kalman's opinion. AR 31.  First, the statement that "the claimant has had little mental health treatment and no professional treatment during the period at issue" is neither accurate nor an appropriate reason to discount Dr. Kalman's opinion. Id.  First, "it is well established that primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (internal quotations omitted).  The record here reflects that plaintiff sought ongoing treatment from her primary care

9

1    physician, and the records document that she treated with Prozac, an anti-depressant. See, e.g.,
2    A.R. 569, 579, 611, 682, and 858.  Additionally, it is noted in the record that plaintiff cited
3    financial concerns regarding obtaining mental health treatment.  AR 585. Circuit law is clear that
4    "[d]isability benefits may not be denied because of the claimant's failure to obtain treatment he
5    cannot obtain for lack of funds."  Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995).

6    Second, the ALJ's statement that "other than being able to recall only one of three objects
7    and only two of the past five presidents during Dr. Kalman's examination, the claimant's mental
8    status examination was otherwise generally unremarkable" is inaccurate and ignores significant
9    findings from Dr. Kalman's report.  AR 31.  The "Mental Status Examination" portion of the
10   report states, in its entirety: "Ms. Threlkeld was cooperative.  Her speech was rapid rate and
11   average volume.  Eye contact was good."  AR 660.  As a preliminary matter, Dr. Kalman's
12   notation of rapid speech calls into question the ALJ's characterization of the Mental Status Exam
13   as "generally unremarkable."  Additionally, to rely on these three findings to invalidate the entire
14   opinion is improper.  Dr. Kalman recorded plaintiff's mood as "neutral, anxious, depressed,
15   perplexed" with a labile affect.  AR 661.  Dr. Kalman recorded vegetative signs including
16   decreased memory and focus.  Id.  Importantly, Dr. Kalman, for the first time, diagnosed plaintiff
17   with Bipolar Disorder.  AR 662.  The clinical evaluation as a whole cannot fairly be described as
18   "generally unremarkable," and the presence of unremarkable findings in some areas does not
19   provide a legitimate basis to reject the entire report.  Accordingly, the court concludes that the
20   ALJ did not give specific or legitimate reasons for giving little weight to the opinion of Dr.
21   Kalman.

22   D.  Remand

23   The undersigned agrees with plaintiff that the ALJ's error is harmful; however, the court
24   concludes that remand for an immediate award of benefits is not appropriate.  AR 9 at 10.  An
25   error is harmful when it has some consequence on the ultimate non-disability determination.
26   Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006).  The ALJ's error in this
27   matter was harmful; if Dr. Kalman's opinion is properly credited, the ultimate determination on
28   disability may be altered.  It is for the ALJ to determine in the first instance whether plaintiff has

severe impairments and, ultimately, whether she is disabled under the Act.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court").  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful."  Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Enhancement of the record would be useful here.

According to plaintiff, Dr. Kalman's opinion that she had decreased ability to perform work activities on a consistent basis and complete a normal work week without interruption amounted to an "off-task" time of 20%, rendering her disabled.  ECF No. 9 at 9.  However, Dr. Kalman's opinion is not so unambiguous.  The opinion did not include a 20% "off-task" estimate, or any other quantitative assessment of the extent of plaintiff's "decreased ability to complete a normal work day or work week without interruption."  AR 662.  The court declines plaintiff's invitation to so interpret Dr. Kalman's findings; the interpretation and development of evidence is for the ALJ.  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 9), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 10), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: August 28, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11